

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 0 5 2008

**F I L E D**

MAR 0 5 2008  **TG**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| G.W. MAHLER & SON, INC., | ) ) |
| Defendant. | ) ) |

Case No.

**08cv1329
Judge: Kendall
Mag. Judge: Brown**

## COMPLAINT

1. This is an action pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) to collect delinquent employee benefit fund contributions.

### *Parties*

2. The Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare Fund ("Fund") is an employee benefit trust and plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

3. Plaintiff Michael Haffner is a fiduciary and trustee of the Health & Welfare Fund. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations which ERISA imposes upon employers.

4. Defendant G. W. Mahler & Son, Inc., ("G. W. Mahler") is an Illinois corporation conducting business within this judicial district. G. W. Mahler also is an "employer" as defined

by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

### *Jurisdiction and Venue*

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue in this Court is conferred by 29 U.S.C. § 1132(e)(2), as this judicial district is where the Fund is administered and where the events underlying this complaint occurred.

### *Specific Allegations*

7. G. W. Mahler and Teamsters Local 301 are parties to a collective bargaining agreement effective June 1, 2004 through May 31, 2009 ("Agreement"). A copy of the relevant provisions of the Agreement is attached hereto as Exhibit 1.

8. The Agreement obligates G. W. Mahler to make timely contributions to the Fund on behalf of individuals performing work covered by the Agreement.

9. Although individuals did engage in covered work on G. W. Mahler's behalf for the months November 2007 through January 2008, G. W. Mahler has failed to pay all contributions owed to the Fund for those months and owes the Fund $2,834.00 for those months.

10. Pursuant to the Agreement, the Fund's trust agreement (incorporated by reference in the Agreement), and 29 U.S.C. §1132(g)(2), the Fund is entitled to the unpaid contributions as well as liquidated damages in the amount of $283.40 and interest for the months specified in paragraph 9 above.

11. Pursuant to the Fund's trust agreement and 29 U.S.C. §1132(g)(2)(C), the Fund is also entitled to recover its attorneys' fees and costs due to G. W. Mahler's failure to pay the contributions due and owing the Fund.

WHEREFORE, Plaintiff requests that the Court issue an order against Defendant G. W. Mahler granting the following relief:

A.  a judgment on behalf of the Health & Welfare Fund for the delinquent contributions of $2,834.00 and liquidated damages of $283.40 owed pursuant to the Agreement and trust agreement for the period of time from months November 2007 through January 2008, and for such amounts as become due during the pendency of this proceeding;

B.  a judgment on behalf of Plaintiff finding G. W. Mahler liable for interest on the delinquent contributions pursuant to 29 U.S.C. Section 1132(g)(2)(B);

C.  a judgment on behalf of Plaintiff for reasonable attorneys' fees and costs incurred by the Fund in bringing this action;

D.  such other and further relief as by the Court may be deemed just and equitable.

>Respectfully submitted,
>
>s/Martin P. Barr
>Martin P. Barr
>
>s/William A. Widmer, III
>William A. Widmer, III
>Attorneys for Plaintiff

CARMELL CHARONE WIDMER
  MOSS & BARR
230 West Monroe, Suite 1900
Chicago, Illinois 60606
(312) 236-8033

Dated: March 5, 2008

3